[Civ. No. 849.   First Appellate District.—October 18, 1910.]

JOHN H. W. MULLER, M. W. UPTON, and A. S. NELSON, Respondents, v. GEORGE A. MULLER, ANNIE G. ANDREWS, and ALICE COOKE MULLER, Appellants.

PARTITION—SALE—ACTUAL PARTITION IMPRACTICABLE—SUPPORT OF FINDING.—Upon appeal from an interlocutory decree in partition by which a sale of the real estate is ordered, it is held that the finding of the trial court "that the said real estate described in the complaint and hereinafter is so situated that actual partition thereof cannot be made without great prejudice to the plaintiffs and defendants, owners thereof," is supported by sufficient evidence.

ID.—RULE AS TO PARTITION.—The rule is that the land should be partitioned in kind, unless such partition cannot be made without great prejudice to the owners.

ID.—PARTITION IN KIND FAVORED.—The courts favor a partition in kind where it is practicable, for the reason that the owners of real estate

should not be deprived of their title, unless a sale thereof is necessary to prevent great prejudice to the owners.

Id.—Discretion of Court—Absence of Abuse.—In most cases, the matter of a partition in kind or of a sale is one of discretion in the trial court; and considering the size of the lot, and the number of owners, and the testimony of real estate experts, it cannot be held that the court abused its discretion in ordering a sale.

APPEAL from an interlocutory decree of the Superior Court of the City and County of San Francisco. E. P. Mogan, Judge.

The facts are stated in the opinion of the court.

Garber, Creswell & Garber, for Appellants.

Wm. J. Herrin, and E. J. Talbott, for Respondents.

COOPER, P. J.—This appeal is from an interlocutory decree in partition by which a sale of the real estate described therein is ordered.

The trial court found: "That the real estate described in the complaint and hereinafter is so situated that actual partition thereof cannot be made without great prejudice to the plaintiffs and the defendants, the owners of said real property." The only question raised is as to the sufficiency of the evidence to sustain this finding. We have examined the evidence, and conclude that it is sufficient to support the finding. The land is a lot in the city and county of San Francisco, fronting ninety feet on Mission street and fifty-seven and one-half feet on Eleventh street. The plaintiffs own an undivided five-eighths interest, encumbered by various mortgages and liens, and the defendants own an undivided three-eighths interest therein. Several witnesses testified that the lot would sell much more readily and for a much better price if sold as a whole than if it were subdivided; and that if it were subdivided into two lots, the combined value of the two lots would not be as great as the value of the lot as a whole. The rule is that the land should be partitioned in kind unless such partition cannot be made without great prejudice to the owners. The courts favor a partition in kind where it is practicable, and this for the reason that the owners of real estate

should not be deprived of their title thereto through a sale unless such sale is necessary to prevent great prejudice to the owners. In most cases the matter is one of discretion in the trial court. Considering the size of the lot, the number of owners, and the testimony of real estate experts, we cannot hold that the court abused its discretion.

The decree is affirmed.

Hall, J., and Kerrigan, J., concurred.